## CIRCUIT COURT OF FAIRFAX COUNTY

Lillard

v.

Lillard et al.

September 10, 1993

Case No. (Chancery) 128327

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter comes on complainant's motion for partial summary judgment and respondents' cross-motions for partial summary judgment.

The following facts are uncontested. William M. Lillard, Sr., died on August 30, 1991. Lillard, Sr.'s will named his son, William M. Lillard, Jr., as executor of his estate. William, Jr. brings this suit in his capacity as executor for aid and direction from the court in relation to the estate. Lillard, Sr. is survived by his widow, Beulah B. Lillard, and his two children, William, Jr. and Rita Lillard Dotson. In the will Lillard, Sr. gave William, Jr. certain specified property, leaving the residue of the estate to William, Jr. and Rita. Beulah received nothing under the will. Beulah has elected to receive her one-third statutory share of the augmented estate under § 64.1–16 of the Code of Virginia. Beulah has also been receiving a monthly family allowance under § 64.1–151.1 of the Code.

Complainant seeks summary judgment:

(1) That the augmented estate be reduced by estate taxes before Beulah's elective share is calculated;

(2) That the augmented estate be reduced by the amount paid to Beulah as a family allowance before her elective share is calculated; and

(3) That the elective share be satisfied from the residue and not from the specific bequests and devises.

In his capacity as respondent, William, Jr. joins in these motions.

Beulah seeks summary judgment:

(1) That the augmented estate be calculated without a deduction for estate taxes; and

(2) That her elective share not be reduced in whole or in part by the family allowance she has received. Beulah also seeks a determination from the court that her election of a one-third share under § 64.1–16.1 of the Code was timely and properly made. At oral argument the parties conceded that this was no longer a contested issue, and the election is deemed timely and proper by the court. Beulah takes no position on whether the elective share is to be satisfied from both the residue and the specific bequests and devises.

Rita seeks summary judgment:

(1) That the augmented estate be reduced by estate taxes before Beulah's elective share is calculated;

(2) That the augmented estate be reduced by Beulah's family allowance before her one-third share is calculated; and

(3) That liability for the elective share be apportioned among all beneficiaries in proportion to the value of their shares, regardless of whether their shares are specific bequests and devises or are from the residuary estate.

### Rulings on Summary Judgment Motions

**(1) *The augmented estate is to be reduced by estate taxes before Beulah's elective share is determined.***

The motion for partial summary judgment by the complainant and by defendants William, Jr. and Rita that estate taxes be deducted in determining the augmented estate (and thus, before Beulah's one-third share is determined) is granted. Beulah's cross-motion for partial summary judgment on that issue is denied.

This issue involves interpretation and reconciliation of §§ 64.1–16.1, 64.1–161, and 64.1–165 of the Code of Virginia. Section 64.1–16.1 defines the augmented estate as "the estate, real and personal, after payment of . . . charges of administration and debts . . . ." The parties disagree on whether estate taxes are "charges of administration and debts" under that statute. They offer conflicting views of the legislative history behind the statute as well as any result mandated

by *Alexandria National Bank v. Thomas*, 213 Va. 620, 194 S.E.2d 723 (1973), in light of the statutory scheme. *Thomas* held that § 64.1–11 and § 64.1–161 must be read together and that when they are read together, the phrase "charges of administration and debts" found in § 64.1–11 "was not intended to include the payment of the Federal estate taxes before determining a surviving spouse's statutory share." *Thomas*, 213 Va. at 625, 194 S.E.2d 726. However, *Thomas* goes on to recognize that § 64.1–165 of the Code controls (and overrides § 64.1–161) when a will directs the payment of estate or inheritance taxes and designates the fund or funds or property out of which payment shall be made. In *Thomas*, the Supreme Court analyzed the language found in the second codicil to Mr. Thomas's will and determined that it did not meet the requirements of and hence did not invoke § 64.1–165. Instead, the codicil was "silent with respect to the burden of bearing the estate tax by the beneficiaries of property not passing under the will [in *Thomas*, the surviving spouse]. Moreover, there are no provisions in the second codicil designating the fund or funds or property out of which payment of the estate tax should be made." *Thomas*, 213 Va. at 626–7, 194 S.E.2d at 727–8. As a consequence, the widow's statutory exemption under § 64.1–161 remained in effect, and her statutory share was not burdened with federal estate tax.

However, Lillard, Sr.'s will is not silent on those issues. The will provides: "I further direct that all estate, inheritance, succession and other death taxes and duties occasioned by my death, whether incurred with respect to property passing out of this Will or otherwise . . . shall be paid by my Executor out of the principal of my residuary estate." That language meets the requirements of § 64.1–165. Were it not significant whether the requirements of § 64.1–165 were met, there would have been no need for the Supreme Court in *Thomas* to analyze that issue. The Supreme Court would simply have held instead that § 64.1–165 has no applicability in deciding whether to saddle an electing spouse with an estate tax burden. Section 64.1–165 provides that when (as here) a will directs payment of estate or inheritance taxes and designates the fund out of which payment is to be made, the provisions of the will shall be given effect to the same extent as if the spousal exemption recognized under § 64.1–161 had not been enacted. Under *Thomas* and § 64.1–16.1 as it read in 1991, the spousal exemption of § 64.1–161 was invoked and estate taxes were not deducted as charges

of administration unless the will directed otherwise under § 64.1–165. The court holds that Lillard, Sr.'s will did so.

In addition, § 64.1–16.1 was modified in 1992. The change defined the augmented estate as "the estate, real and personal, after payment of . . . charges of administration *which shall not include federal or state transfer taxes,* and debts . . . ." (emphasis added). Complainant and defendants William, Jr. and Rita argue that the 1992 statute modified the 1991 statute. Beulah argues that the change clarified the 1991 statute. Both sides claim support in legislative history as well as the language of the Uniform Probate Code (which Virginia followed instead of following the Revised Uniform Probate Code). The Court finds the legislative history of the statute conflicting and of modest help. That history provides that the 1991 statute both clarified *and* modified by the 1992 statute, but offers no assistance on whether the change at issue was a clarification or modification. Given the legislature's decision to adopt the language of the Uniform Probate Code instead of the Revised Uniform Probate Code (which contained the 1992 language), and under general principles of statutory construction, the court must conclude that the 1992 statute excluding estate taxes from costs of administration was more likely a modification of the 1991 statute.

(2) *The estate is reduced by the family allowance in determining the augmented estate.*

The Court grants the complainant's and Rita's motions for summary judgment that Beulah's family allowance be deducted from the estate to determine the augmented estate. Beulah is entitled to one-third of the augmented estate under § 64.1–16.1 of the Code. The augmented estate is defined as the estate after payment of certain allowances and exemptions, including the family allowance elected under § 64.1–151.1. Therefore, the family allowance paid to Beulah is deducted from the estate to yield the augmented estate, of which she receives one-third. (Note that this does not result in having the family allowance serve as a credit toward or advance on Beulah's elective share, as Beulah claims the executor was once seeking. Thus, the family allowance remains "in addition to" the elective share, as required by § 64.1–151.1.) Beulah's cross-motion for summary judgment on this issue is denied.

**(3)** *The elective share is to be satisfied both from specific bequests and devises and from the residue.*

The complainant's motion for summary judgment that Beulah's elective share be satisfied from the residue and not from the specific bequests and devises under the will is denied. Rita's cross-motion for summary judgment that liability for Beulah's elective share be apportioned among all beneficiaries in proportion to the value of their respective shares, whether in the form of specific bequests and devises or the residuary estate, is granted.

Under § 64.1–16.2(A) of the Code, the surviving spouse's elective share is satisfied first out of "values included in the augmented estate which pass or have passed to the surviving spouse, or which would have passed to the spouse but were disclaimed . . . ." Under § 64.1–16.2(B), "liability for the balance of the elective share . . . is equitably apportioned among the recipients of the augmented estate in proportion to the value of their interests therein." The Court finds that both William, Jr. and Rita as beneficiaries are "recipients" of the augmented estate under § 64.1–16.2(B). To whatever extent the common law of Virginia required satisfaction of the elective share out of the residue only and not out of specific bequests and devises, the enactment of the augmented estate statute in 1991 changed that result.